■ MOLLIE SHANIS, Appellant, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Respondent. In an action to recover the proceeds of a policy insuring the life of appellant's husband, the appeal is from an order of the Appellate Term, by permission of that court, which affirmed a judgment of the City Court, Kings County, setting aside a jury verdict in favor of appellant and dismissing the complaint. Order affirmed, without costs. No opinion. Wenzel, Acting P. J., Murphy, Ughetta and Kleinfeld, JJ., concur; Beldock, J., dissents and votes to reverse the order of the Appellate Term and the judgment of the City Court, and to reinstate the verdict in favor of appellant, with the following memorandum: On April 4, 1955 appellant's husband applied to respondent in writing for a $5,000 life insurance policy, with semiannual payment of premium. The application provided that no agent was authorized to waive or modify any of the conditions of the application or policy. Before the date of issue of the policy, appellant's husband asked the agent to change the interval of payment of the premiums to quarter-annual, but the agent forgot to tell respondent about the requested change. The policy, dated April 15, 1955, providing for semiannual payment of premium, was delivered to appellant's husband on Friday, April 22, 1955, at which time a quarter-annual premium was paid to the agent. Respondent's office was not open for the receipt of the premium until Monday, April 25. 1955. On April 23 appellant's husband had a heart attack and died the next day. On April 25 the agent notified respondent of the death and paid over the quarter-annual premium which he had received. Respondent retained the premium until August 19, 1955, when it tendered the premium to appellant, who refused it. If appellant's husband had originally applied for quarter-annual payment of premium, or if at any time subsequent to the inception of the policy he had requested such manner of payment, respondent would have granted the request as a matter of course. Although the change to quarter-annual payment of premium was not effectuated by the agent's receiving such payment on April 22, 1955, the acceptance of the quarter-annual premium by respondent on April 25, 1955 and the retention thereof until August 19, 1955 constituted a consent by respondent to the change in the interval of payment.